UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DWIGHT ANTHONY WEEMS,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Case No. C17-1023RSL

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255

This matter comes before the Court on petitioner Dwight Anthony Weems's *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Dkt. #1. For the reasons set forth below, the Court DENIES petitioner's motion.

## I. BACKGROUND

In January and February 2015, Kent Police Department detectives working with a confidential informant conducted two controlled buys of crack cocaine from petitioner and one controlled buy from his girlfriend, Mozelle Frazier-Dubois. In February 2015, detectives executed a warrant on the residence and vehicle that petitioner shared with Frazier-Dubois, and located over five kilograms of cocaine, over one kilogram of heroin, and three firearms. Petitioner was on federal supervised release for prior drug-related offenses at the time. Case No. CR15-89RSL, Dkt. #44.

On September 21, 2015, petitioner pleaded guilty to conspiracy to distribute cocaine and heroin (in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)) and possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)(1)(A)(i)). As part of the plea,

ORDER DENYING § 2255 MOTION - 1

petitioner agreed that he would not request a period of incarceration of less than fifteen years. The plea agreement also included a limited appeal waiver: if petitioner received a sentence within or below the Sentencing Guidelines range as determined by the Court at the time of his sentencing, he would waive his rights to directly appeal and collaterally attack his conviction and sentence, except as relating to the effectiveness of legal representation. The government committed that it would seek a term of imprisonment of no greater than eighteen years and that it would not file an enhanced penalty information alleging petitioner's prior felony drug convictions pursuant to 21 U.S.C. § 851. Case No. CR15-89RSL, Dkt. #44.

On January 8, 2016, the Court sentenced petitioner to 192 months' imprisonment, including a 60-month mandatory minimum sentence for possession of a firearm to run consecutive to his sentence for the drug offense. This sentence was below the government's total recommendation of 216 months, U.S. Probation's total recommendation of 248 months, and his Guidelines range.[1] The drug offense carried a mandatory minimum of ten years. 21 U.S.C. § 841(b)(1)(A). The firearms offense carried a mandatory minimum of five years. 18 U.S.C. § 924(c)(1)(A)(i). The Court noted during sentencing that the additional year above the plea agreement floor of fifteen years reflected twelve months for a supervised release violation. See Case. No. CR04-127RSL, Dkt. #68. Petitioner did not appeal.

On June 28, 2017, petitioner filed this motion. Petitioner claims that he received ineffective assistance of counsel and that his guilty plea was not knowing and intelligent. Petitioner also raises a separate claim to reduce his sentence under Dean v. United States, 137 S. Ct. 1170 (2017).

## II. DISCUSSION

**A. Ineffective Assistance of Counsel Claims**

Petitioner's ineffective assistance of counsel claims, though not waivable, remain subject to § 2255(f)'s one-year period of limitation. See United States v. Scruggs, 691 F.3d 660, 669

---

[1] Petitioner's Guidelines range was 211 to 249 months, reflecting a range of 151 to 188 months plus a mandatory consecutive 60 months for possession of a firearm in furtherance of a drug trafficking crime.

ORDER DENYING § 2255 MOTION - 2

(5th Cir. 2012). Petitioners have one year to bring a § 2255 motion, which runs from the latest of: (1) the date on which the judgment of the conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed . . .; (3) the date on which the right asserted was initially recognized by the Supreme Court . . .; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). The applicable run date of petitioner's one-year limitations period is the date on which the judgment of his conviction became final. Petitioner did not pursue a direct appeal to the Court of Appeals, so his conviction became final when the time to file a direct appeal expired. See United States v. Gilbert, 807 F.3d 1197, 1199 (9th Cir. 2015). The Court entered judgment on January 8, 2016, and petitioner had fourteen days to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A). Therefore, the judgment became final on January 22, 2016. Petitioner's period to bring this motion expired on January 22, 2017, more than five months before petitioner filed the instant motion.

Petitioner argues he is entitled to equitable tolling of the time bar. To qualify for equitable tolling, petitioner has the burden of establishing: (1) "that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see United States v. Battles, 362 F.3d 1195, 1196 (9th Cir. 2004) (holding that the equitable tolling standard applies to § 2255 petitions). Petitioner asserts "due diligence on the part of Dwight Weems," but explains no further. He addresses the second prong by stating that his counsel did not effectuate an appeal or advise him of his ability to file a motion under § 2255. Petitioner does not explain how his claim that counsel did not effectuate an appeal relates to his request for equitable tolling. That claim therefore fails the "extraordinary circumstances" test because, even assuming his counsel was unjustified in failing to appeal, he does not explain how failure to make a direct appeal later stood in his way in bringing a separate collateral attack. His claim that counsel did not advise him of his ability to file this petition likewise fails the "extraordinary circumstance" test. Petitioner has no right to counsel in this proceeding. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). This means

ORDER DENYING § 2255 MOTION - 3

his court-appointed counsel from the underlying criminal proceeding owed him no information surrounding a collateral attack. See Miranda v. Castro, 292 F.3d 1063, 1066–67 (9th Cir. 2002) (explaining that counsel's negligent calculation of § 2255 limitations period did not rise to the level of "extraordinary circumstances"). Petitioner's ignorance of the law is not alone considered an extraordinary circumstance. Ford v. Pliler, 590 F.3d 782, 789 (9th Cir. 2009). Petitioner, therefore, fails to establish his own due diligence or an extraordinary circumstance that caused the lateness of this petition. He is accordingly not entitled to equitable tolling.

Even if petitioner's ineffective-assistance claims are not time barred, they fail on the merits. Petitioner claims that counsel was unconstitutionally ineffective for failing to challenge an allegedly defective indictment, failing to file a pretrial entrapment defense, allowing petitioner to waive his right to appeal, and allowing petitioner to receive a substantially longer term of incarceration than his codefendant. He appears to allege that because of these failures of counsel, his plea was unintelligently and involuntarily given. Petitioner also appears to claim counsel was unconstitutionally ineffective for failing to file a direct appeal.

Ineffective assistance of counsel requires showing that: (1) counsel's performance was deficient to the point that it fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced defendant. Strickland v. Washington, 466 U.S. 668, 687–88 (1984). To prevail on an ineffective assistance of counsel claim challenging the intelligent and voluntary nature of his guilty plea, petitioner must show that: "(1) counsel's representation fell below the range of competence demanded of attorneys in criminal cases; and (2) there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Washington v. Lampert, 422 F.3d 864, 873 (9th Cir. 2005) (citing Hill v. Lockhart, 474 U.S. 52, 58–59 (1985)). Counsel's objectively unreasonable failure to file an appeal or to consult the defendant about appealing may amount to constitutionally deficient performance. Roe v. Flores-Ortega, 528 U.S. 470, 479–80 (2000). Counsel's failure to consult about or file an appeal is more likely to be objectively unreasonable if the defendant indicated he wanted to appeal or if nonfrivolous appeal grounds would have made an appeal

rational. Id. at 480. Petitioner must make this showing by a preponderance of the evidence. See Simmons v. Blodgett, 110 F.3d 39, 42 (9th Cir. 1997).

Petitioner fails to make this showing. Petitioner's ineffective-assistance claims for failing to challenge the indictment, failing to file a pretrial entrapment defense, and allowing petitioner to receive a substantially longer term of incarceration than his codefendant fail because counsel's failure to raise unmeritorious claims cannot show that counsel was deficient or that petitioner was prejudiced. Petitioner's challenges to his plea agreement and its component appeal waiver fail because, even taking petitioner's claim that counsel's representation fell below an objective standard of reasonableness at face value, he fails to allege that he otherwise would have insisted on going to trial or show any other type of specific prejudice. Petitioner's ineffective-assistance claim for failure to file a direct appeal fails because petitioner does not raise any nonfrivolous grounds for appeal, indicate that he had a desire to file an appeal at the time, or indicate that he ever told counsel that he wished to appeal. Particularly in light of the fact that petitioner had just pleaded guilty pursuant to a plea agreement that waived appeal rights, counsel would have had no reason to suspect petitioner wanted to appeal.

**B.    Dean Claim**

Petitioner also brings a claim pursuant to Dean v. United States, 137 S. Ct. at 1170. In his plea agreement, however, petitioner waived any collateral attack on his conviction and sentence (other than ineffective assistance of counsel) if his sentence was within or below the Guidelines range. Case No. CR15-89RSL, Dkt. #44. Petitioner was sentenced below the Guidelines range, and the Dean claim cannot conceivably be categorized as one for ineffective assistance of counsel. The Court accordingly finds petitioner waived his Dean claim according to the terms of his plea agreement.[2]

---

[2] Even had petitioner not waived his Dean claim, it would fail on the merits. Dean holds that nothing restricts the authority of sentencing courts to consider a mandatory sentence imposed under 18 U.S.C. § 924(c) when calculating a just sentence for the predicate count. Dean, 137 S. Ct. at 1177. Nothing in petitioner's sentence ran afoul of Dean. The Court explained that it was imposing fifteen years' incarceration to reflect the plea agreement's fifteen-year floor, and that the additional year reflected a

ORDER DENYING § 2255 MOTION - 5

## III. CONCLUSION

The Court finds that petitioner has not demonstrated that his sentence should be vacated, set aside, or corrected, and his petition is accordingly DENIED. The Court further finds that no evidentiary hearing is required because the record conclusively shows petitioner is not entitled to relief. See 28 U.S.C. § 2255(b). Likewise, petitioner has not substantially shown a denial of constitutional rights, and the Court concludes no certificate of appealability should issue. See id. § 2253(c)(2).

For the foregoing reasons, the Court ORDERS:

(1) Petitioner's motion, Dkt. #1, is hereby DENIED; and

(2) Petitioner is DENIED a certificate of appealability under 28 U.S.C. § 2253.

DATED this 26th day of March, 2018.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

previous crime being sentenced at the same time. There is no indication the Court perceived § 924(c) as requiring a higher sentence.